**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AMERICAN FUNDS SECURITIES LITIGATION, | No. 11-55299 |
| | D.C. No. 2:06-cv-07815-GAF-RNB |
| ARDEN GEIST; ROLF BASLER; ROLF BASLER REVOCABLE TRUST, | |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| CAPITAL GROUP COMPANIES, INC; CAPITAL RESEARCH AND MANAGEMENT CO; AMERICAN FUNDS DISTRIBUTORS, INC, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 12, 2012
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GILMAN,[**] TALLMAN, and N.R. SMITH, Circuit Judges.

Plaintiffs-appellants, investors in the American Funds mutual funds, appeal the dismissal with prejudice of their claims that defendants-appellees Capital Group Companies, Inc., Capital Research and Management Company, and American Funds Distributors, Inc. (together, "defendants"), committed securities fraud in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a). The district court held that plaintiffs' action was untimely because it was filed more than two years after a reasonably diligent plaintiff could have discovered the facts constituting the violation. *See Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010); 28 U.S.C. § 1658(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo a district court's decision to grant a motion to dismiss, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We hold that the district court erred in dismissing the action as time-barred; however, because plaintiffs' complaint fails to allege scienter with the requisite particularity, we affirm the dismissal but vacate the portion of the order dismissing the complaint with prejudice and remand for the limited purpose of granting plaintiffs leave to amend.

---

[**] The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Under *Merck & Co. v. Reynolds*, a § 10(b) cause of action accrues "(1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation.'" 130 S. Ct. at 1789–90. The district court, in evaluating whether plaintiffs had adequately pled defendants' scienter, identified numerous sources from 2003 and 2004 suggesting the possibility that defendants were acting with the intent to deceive, but none of those sources could have led a reasonably diligent plaintiff to actually discover that intent (if such intent existed). Accordingly, the two-year statute of limitations did not begin to run more than two years before the complaint was filed, and the district court erred in dismissing the action as time-barred.

However, we may affirm the district court "on any basis supported in the record, . . . even if the district court did not consider the issue." *United States v. Lemus*, 582 F.3d 958, 961 (2009) (internal quotation marks and citations omitted). Plaintiffs' present complaint fails to raise an inference of scienter that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007), and therefore is subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6); 15 U.S.C. § 78u-4(b)(2)(A). But plaintiffs indicated at oral argument that they could cure this defect by amending their complaint, and we cannot say at this stage that

3

amendment would be futile, *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); plaintiffs therefore must be given the chance to amend their complaint to satisfy the heightened pleading standards established by Congress in the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(b)(2)(A); *Tellabs*, 551 U.S. at 324. Plaintiffs' request that we reassign this case to a different judge on remand is denied. *See California v. Montrose Chem. Corp.*, 104 F.3d 1507, 1521 (9th Cir. 1997).

AFFIRMED in part; VACATED in part; REMANDED for further proceedings. Each party shall bear its own costs.